1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

11   ARTURO SAMANIEGO,                    Case No. 21-cv-00953-BAS-LL

12                          Petitioner,   **ORDER GRANTING**
                                          **RESPONDENT'S UNOPPOSED**
13        v.                              **MOTION TO DISMISS (ECF No. 9)**

14   PATRICK COVELLO,

15                          Respondent.

16

17        On May 17, 2021, Petitioner Arturo Samaniego filed his Petition for a Writ of

18   Habeas Corpus under 28 U.S.C. § 2254.  (ECF No. 1.)  According to his Petition,

19   Samaniego pleaded guilty to committing robbery using a weapon, convicted of the crime

20   on June 28, 2018, and was sentenced to 20 years and 4 months on July 5, 2019.  (*Id.* at

21   1, 23.)  Samaniego challenges the validity of his conviction, on the ground that he did not

22   enter his guilty plea knowingly and voluntarily; his trial counsel rendered him ineffective

23   assistance of counsel; and he was denied resentencing in violation of his Due Process

24   rights.  (*Id.* at 14–20.)

25        Respondents move to dismiss the Petition as untimely.  (ECF No. 9.)  Samaniego

26   extended the deadline to respond to the motion twice, and the latest deadline for him to

27   oppose the motion was November 30, 2021.  (ECF Nos. 12, 14.)  More than 21 days have

28   passed after the deadline expired, yet Samaniego has not opposed the motion.

Under this district's local rules, the lack of an opposition to a motion "may constitute a consent to the granting of a motion or other request for ruling by the court."  *See* Civ. L.R. 7.1(f)(3)(c).  The Ninth Circuit has held that a district court may properly grant a motion to dismiss for the plaintiff's failure to file timely opposition papers where the plaintiff had notice of the motion and ample time to respond.  *See Ghazali v. Moran*, 46 F.3d 52, 52 (9th Cir. 1995) (per curiam); *see also Carrea v. Cate*, No. 08CV2295 WQH BLM, 2009 WL 2382533, at *3 n.3 (S.D. Cal. July 30, 2009).

Here, the record indicates that Samaniego had ample notice of Respondent's motion to dismiss.  The Court granted Samaniego two extensions, and more than three weeks have passed after the latest deadline expired.  Because Samaniego was made aware of the motion and had ample time to respond to it, the Court deems his failure to oppose Respondent's motion to dismiss as consent to granting it.  Civ. L.R. 7.1(f)(3)(c).  In addition, the Court's own review of the record supports dismissing the Petition.

Accordingly, the Court **GRANTS** Respondent's motion to dismiss as unopposed. (ECF No. 9.)  The Court **DISMISSES WITHOUT PREJUDICE** Samaniego's Petition.

**IT IS SO ORDERED.**

DATED: December 21, 2021

Hon. Cynthia Bashant
United States District Judge

21cv953